E-FILED
Monday, 25 August, 2025  01:02:56 PM
Clerk, U.S. District Court, ILCD

IN THE
**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

STATE OF ILLINOIS,
      Plaintiff,

v.

MATTHEW GRUBBS,
      Defendant.

Case No. 1:25-cv-01348-JEH-RLH

**Order**

Matthew Grubbs's "Notice of Removal" (D. 1) fails to assert the basis of the Court's subject matter jurisdiction.[1]

As an initial matter, Grubbs identifies himself as "Plaintiff" in this case, though he also captioned his filing as a "Notice of Removal".  (D. 1 at ECF p. 1). Civil actions may only be removed to federal district court from state court by defendants.  *See* 28 U.S.C. § 1441(a) (". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").  It simply remains unclear as to whether Grubbs intended to commence an entirely new case (via a complaint) in federal court or to remove, as *defendant*, a case (via a notice of removal) from state court in McLean County, Illinois.

Regardless, in general, the party invoking federal jurisdiction bears the burden to demonstrate its existence.  *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

2023).  "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The general grants of federal jurisdiction appear in 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

Here, to the extent Grubbs references the U.S. Constitution and thus seeks to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, his allegations are strikingly lacking.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes [federal question jurisdiction pursuant to 28 U.S.C. § 1331] when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States.").

To the extent Grubbs's underlying state court case pertains to child support and maintenance payments[2], this federal court is precluded from entertaining a dispute over such things.  *See Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998) (stating the domestic relations exception to federal subject matter jurisdiction has a core and a penumbra, the penumbra consisting of "ancillary proceedings, such as a suit for the collection of unpaid alimony, that state law would require be litigated as a tail to the original domestic relations proceeding.").  Grubbs attached a document regarding two state court cases in which he stated that with his "inherent power of appointment", he appointed "clerk Don Everhart, Jr./trustee as fiduciary for offset or settlement of this account . . . This appointment is effective immediately and expires upon the settlement and closure of all accounting matters regarding case no. 2015D0000592 and 2020CM000165."  (D. 1 at ECF p. 10).  Given that, and because the domestic relations exception is construed narrowly, "with a focus on the need to prevent federal courts from disturbing or affecting the possession of property in the custody of a state court[]",

---

[2] *See* Pl.'s Compl. (D. 1 at ECF p. 14) (letter stating, in part, "your case is a child support and maintenance case . . . ").

the Court seriously doubts its ability to exercise jurisdiction over this case. *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (quotation marks omitted).

In addition to his purported allegations, the documents Grubbs attached to his "Notice of Removal", including a letter dated February 4, 2025 from the Clerk of the Circuit Court of McLean County, Don R. Everhart, Jr., and Grubbs's combined "Notice of Appearance – Mandatory Judicial Notice" and "Motion to Dismiss – Notice of Subrogation" file stamped August 13, 2025 in McLean County, indicate his state court proceedings remain ongoing. (D. 1 at ECF pp. 14, 16-17). Thus, the relief Grubbs apparently seeks in the instant case runs contrary the principles of equity, comity, and federalism underlying the various abstention doctrines courts adhere to. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 497 (7th Cir. 2011) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976)) (explaining the *Colorado River* doctrine "permits federal courts to defer to a 'concurrent state proceeding' as a matter of 'wise judicial administration.'"); *and Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) ("[The *Rooker-Feldman*] doctrine precludes federal district-court jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced.") (quotation marks omitted).

Lastly, even if Grubbs had sufficiently asserted the basis of the Court's subject matter jurisdiction, Grubbs's Notice of Removal has other defects insofar as it is, in fact, a complaint. "[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Grubbs identifies the State of Illinois as the only defendant in this case. However, "The Eleventh Amendment bars most claims in federal court against a state that does not consent to the suit." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893 F.3d 397, 403 (7th Cir. 2018). Also, Grubbs's "Notice of Removal" fails to state a claim at best and is frivolous at worst. *See* 28

U.S.C. § 1915(e)(2)(B) (providing that a court shall dismiss a case at any time if the court determines the action is, among other things, frivolous or malicious or fails to state a claim on which relief may be granted); *see also Felton v. City of Chi.*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)) (a complaint is factually frivolous if the allegations are "clearly baseless," "irrational," "fanciful," "delusional," or "wholly incredible."). Still further, Grubbs included no prayer for relief. *See* FED. R. CIV. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought . . .").

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. *See also Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("[L]eave to amend defective allegations of subject matter jurisdiction should be freely given."). Accordingly, Grubbs is directed to file an amended notice of removal (or an amended complaint if he originally intended to file a complaint) that adequately alleges the factual basis for this Court's jurisdiction. If Grubbs files an amended complaint, it must remedy all of the defects identified in this Order. The amended notice of removal or amended complaint shall be filed within 21 (twenty-one) days of this date. Grubbs's failure to comply with that deadline will result in dismissal of this case without prejudice.

*It is so ordered.*

Entered on August 25, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE